IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KASSANDRA JEAN BICE,
an individual,

            Plaintiff,

    v.

THE METAL WARE CORPORATION d/b/a
NESCO., a Wisconsin Corporation,

            Defendant.

CASE NO.:

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COMPLAINT

Plaintiff, **CARLETTA DENISE GREEN** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **THE METAL WARE CORPORATION d/b/a NESCO** (hereafter referred to as "Defendant Nesco"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Nesco designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Nesco 11L Digital Pressure Cooker," which specifically includes the Model Number PC11-25 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

1

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, but not limited to, first and second degree burns to her abdomen, breasts and lower extremities.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless,

---

[1] *See*, e.g. 11L Digital Pressure Cooker Pressure Cooker Owner's manual, pg. 4. A copy of the Owner's manual is attached hereto as "Exhibit A".

willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant Nesco's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF KASSANDA JEAN BICE**

7. Plaintiff is a resident and citizen of the city of Swartz Creek, County of Genesee, State of Michigan, and was born on January 2, 1999.

8. On or about October 8, 2019 Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "Sure-Lock® Safety System,"[2] which purports to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

**DEFENDANT E METAL WARE CORPORATION d/b/a NESCO**

9. Defendant Nesco designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, and does business in all 50 states, which specifically includes the State of Michigan.

10. Defendant Nesco is a Wisconsin Corporation, with a principal place of business located at 1700 Monroe Street Two Rivers, WI 54241.

---

[2] *Id.*

## JURISDICTION AND VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

## FACTUAL BACKGROUND

13. Defendant Nesco is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

14. Defendant touts the "safety"[3] of its pressure cookers, and that they are equipped with safety devices such as a "locking lid" "that does not let you open the lid until the pressure has dropped to a safe level."[4]

15. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

16. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

---

[3] *Id.*
[4] *Id.* at pg. 4.

4

17. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

18. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

19. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

20. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

21. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

22. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

23. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

24. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25. At the time of Plaintiff's injuries, Defendant Nesco's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

26. Defendant Nesco's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant Nesco.

27. Plaintiff did not misuse or materially alter the pressure cooker.

28. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

29. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant Nesco were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant Nesco failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant Nesco failed to warn and place adequate warnings and instructions on the pressure cookers;

    e. Defendant Nesco failed to adequately test the pressure cookers; and

    f. Defendant Nesco failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

30. Defendant Nesco actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Nesco for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

31. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

32. Defendant Nesco had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

33. Defendant Nesco failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant Nesco knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

34. Defendant Nesco was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

7

    c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

    d. Were otherwise careless or negligent.

35. Despite the fact that Defendant Nesco knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendant Nesco continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant Nesco for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendant Nesco manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

38. Specifically, Defendant Nesco marketed, promoted and sold its pressure cookers as a safe product, complete with a "safety" devices.

39. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

40. Defendant Nesco's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

41. The Plaintiff in this case reasonably relied on Defendant Nesco's representations that its pressure cookers were a quick, effective and safe means of cooking, and relied on Defendant Nesco's representations regarding its "safety" devices.

42. Defendant Nesco's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Nesco for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44. At the time Defendant Nesco marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendant Nesco warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

45. Specifically, Defendant Nesco marketed, promoted and sold its pressure cookers as a safe product, complete with a "safety" devices.

46. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

47. Defendant Nesco's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

48. The Plaintiff in this case purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any

9

kind, and that it was safe for its intended, foreseeable use of cooking, and relied on Defendant Nesco's representations regarding its "safety" devices.

49. Defendant Nesco's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Nesco for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

50. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

51. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

52. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the catastrophic burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant Nesco for damages, to which she is entitled by law, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant Nesco;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant Nesco's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: September 6, 2022

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***