UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASSANDRA JEAN BICE,

       Plaintiff,                 Case No. 22-cv-12095
                                  HON. BERNARD A. FRIEDMAN

vs.

THE METAL WARE
CORPORATION, d/b/a
NESCO,

       Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND THE COMPLAINT

This matter is before the Court on a motion for leave to amend the complaint filed by plaintiff Kassandra Jean Bice. (ECF No. 13). Defendant The Metal Ware Corporation d/b/a Nesco ("Nesco") has filed a response in opposition. (ECF No. 15). Plaintiff has not filed a reply and the time to do so has expired. The Court does not believe oral argument will aid in the resolution of this matter and will not hold a hearing. E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion is granted.

Bice filed her original complaint in this action on September 6, 2022, alleging that she was injured when she was able to remove the lid of a pressure

cooker designed and made by Nesco while there was built-up pressure, heat and steam inside the unit. (ECF No. 1). The original complaint includes causes of action for "strict liability," "negligence," "breach of implied warranty of fitness for a particular purpose," and "breach of implied warranty of merchantability." (*Id.*).

On September 18, 2023, the Court entered a corrected scheduling order indicating, *inter alia*, that any amendments to the pleadings would be due September 29, 2023. (ECF No. 12, PageID.100). This was done following a joint motion by the parties to extend the time frames reflected in their initial proposed scheduling order. (ECF No. 10).

On September 19, 2023, Bice filed the instant motion for leave to amend the complaint. (ECF No. 13). She seeks to "amend her Complaint to clarify her counts and dismiss her claim for Strict Products Liability," and notes that under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the Court. (*Id.*, PageID.108-09). She does not provide any particular reason for this request, but she does attach a proposed First Amended Complaint. The proposed First Amended Complaint includes causes of action for "common law negligence," "negligence" under Mich. Comp. Laws § 600.2947(6)(a), and "breach of implied warranties" under Mich. Comp. Laws § 600.2947(6)(a). (ECF No. 13-1).

2

Defendant Nesco opposes the motion, urging that "it is unduly delayed and completely futile." (ECF No. 15, PageID.129). Nesco argues that Bice "waited three hundred and seventy-eight days to file her Motion for Leave," and that she has done so "[d]espite no new facts coming to light, [and] no production of new evidence." (*Id.*). Nesco surmises that Bice "only now seeks to amend her complaint as she is no longer in possession of the alleged defective product," which would subject her "claim to obvious evidentiary and spoliation issues." (*Id.*). Nesco notes that in an August 2023 deposition the plaintiff's mother testified that the pressure cooker had been thrown away, but that the plaintiff had stated in her March 2023 interrogatories that she was no longer in possession of the device, and thus the absence of the pressure cooker "was not new information." (*Id.*, PageID.129-30) (emphasis omitted). Nesco also urges that Bice "is seemingly attempting to disguise [her] strict liability claim as a common law negligence claim in an attempt to prevent Defendant from utilizing product liability specific defenses and arguments." (*Id.*, PageID.130). Nesco urges that the Michigan Court of Appeals has indicated that courts are to look at the substance of claims, rather than a party's choice of labels, and that in this case Bice is clearly asserting a claim for products liability. (*Id.*, PageID.130-32).

Bice seeks to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which states that "a party may amend its pleading only with

3

the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Sixth Circuit caselaw "manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (cleaned up). However, leave to amend may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit "has required at least some significant showing of prejudice to deny a motion to amend based solely upon delay." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (cleaned up).

As a preliminary matter, the Court notes with disapproval that Bice has offered no reason for her request, nor provided any reply to Nesco's opposition to her request. Nevertheless, because leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and because her motion was filed before the cut-off date for amendments to the pleadings as reflected in the Court's operative scheduling order, (ECF No. 12, PageID.100),[1] leave will be granted. The

---

[1] The Court also notes that in August of this year the parties *jointly* requested that the Court set the cut-off date for amended pleadings at September 29, 2023. (ECF No. 10, PageID.88).

4

Court finds that Bice's motion is delayed, but not unduly so, and moreover Nesco has not made the requisite showing of significant prejudice that would be required to deny the motion based solely upon delay. *Prater*, 505 F.3d at 445.

Furthermore, Nesco has not shown that the amendment would be futile. The Court finds compelling Nesco's as-yet unrebutted arguments that regardless of what label is attached, this remains a claim for products liability. (ECF No. 15, PageID.130-32). In *Attorney General v. Merck Sharp & Dohme Corp.*, 807 N.W.2d 343 (Mich. Ct. App. 2011), the Michigan Court of Appeals considered whether plaintiffs' claims constituted a products liability action despite plaintiffs' assertion to the contrary. The appellate court concluded that courts are not bound by a party's choice of labels but instead "determine the gravamen of a party's claim by reviewing the entire claim." *Id.* at 347. It noted that under Mich. Comp. Laws § 600.2945(h), a "product liability action" is defined as "an action based on a legal or equitable theory of liability brought for the death of a person or for injury to a person or damage to property caused by or resulting from the production of a product." And "production" is defined as "manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging, or labeling." Mich. Comp. Laws § 600.2945(i).

5

Nevertheless, the procedural posture of this case is meaningfully different from that of *Merck*. In *Merck*, the case was before the appellate court following the denial of the defendant's motion for summary disposition. *Merck*, 807 N.W.2d at 344. Although the plaintiff brought the case under the Medicaid False Claims Act, the defendant urged that regardless of the label given by the plaintiff it was a case for product liability and the defendant was accordingly immunized from such suit by a particular provision of Michigan law relating to FDA-approved drugs. *Id.* at 344-45. The appellate court agreed, finding that the lawsuit was in fact one for product liability and that plaintiffs' claims were barred by the specific immunity statute. *Id.* at 350; *see also Trees v. Pfizer, Inc.*, No. 338297, 2018 WL 6710594, at *6 (Mich. Ct. App. Dec. 20, 2018) (finding that trial court did not err in denying request to amend complaint given that any amended claims would still fall under the umbrella of product liability and defendants would be entitled to immunity pursuant to a specific statute).

Here, Nesco has made a decent showing (again: which has not yet been rebutted) that regardless of the label Bice uses this is a claim for product liability. Nesco has not, however, specifically identified any defense or argument it would be precluded from making if Bice were granted leave to amend. *See* (ECF No. 15, PageID.130) (articulating only a general assumption that Bice is attempting "to prevent Defendant from utilizing product liability specific defenses and

6

arguments"). Nesco may, in future, argue that Bice has actually brought a claim for product liability regardless of the label and may assert any defenses related to that argument. But at this juncture the Court has not been persuaded that allowing Bice to amend would be entirely futile.

Furthermore, the proposed First Amended Complaint does more than convert the claim for strict liability to a claim for common law negligence. It also modifies the other counts of the complaint by, *inter alia*, specifying the statutory provisions upon which Bice is relying.

Accordingly, it is hereby,

ORDERED that plaintiff's motion for leave to amend the complaint (ECF No. 13) is GRANTED.

**SO ORDERED.**

Dated: October 23, 2023  s/Bernard A. Friedman
    Detroit, Michigan  Bernard A. Friedman
  Senior United States District Judge

7